**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CLOUD SYSTEMS HOLDCO IP LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:22-cv-01068-JKP** |
| | § | |
| **PHILIPS NORTH AMERICA, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

**ADVISORY TO THE COURT**

Please take notice that the enclosed letters have been filed advising the Court of circumstances behind the dismissal without prejudice in this case as set forth therein.

Dated: December 5, 2023

Respectfully Submitted,

*/s/ Stacey V. Reese*
Stacey V. Reese
TX BAR NO. 24056188
STACEY V. REESE LAW PLLC
910 West Avenue, Suite 15
Austin, Texas 78701
(512) 535-0742 – Telephone
(512) 233-5917 – Facsimile
stacey@staceyreese.law

**CERTIFICATE OF SERVICE**

I certify that all counsel of record, who are deemed to have consented to electronic service are being served December 5, 2023, with a copy of this document via the Court's CM/ECF system.

*/s/ Stacey V. Reese*
Stacey V. Reese



910 West Avenue, Suite 15
Austin, Texas 78701
O (512) 535-0742
F (512) 233-5917
stacey@staceyreese.law

December 5, 2023

Via CMF Filing System
The Honorable Judge Jason Pulliam
U.S. District Court for the Western District of Texas
262 West Nueva Street
San Antonio, TX 78207

**Re: Cloud Systems HoldCo IP, LLC v. Philips North America, LLC**
**Civil No. 6:22-cv-01068-JKP (W.D. Tex.)**

Dear Judge Pulliam:

I write on behalf of non-party Signify Netherlands B.V. ("Signify") and attach a letter from Signify's lead counsel, Jeremy Oczek. I appeared as local counsel on behalf of Philips North America, LLC in the above-captioned case (ECF No. 9), and Mr. Oczek filed a motion for admission pro hac vice on behalf of Philips North America, LLC (ECF No. 10) on the same day that Plaintiff dismissed the case (ECF No. 11).

Signify would like to inform the Court of the circumstances behind the dismissal (without prejudice) of this case by Plaintiff Cloud Systems HoldCo IP, LLC. Although Signify was not a named party to this action, Signify had an interest in this action because the accused product identified in Plaintiff's Complaint—the "Philips Dynalite EnvisionTouch App" product—was a Signify product, not a product of Defendant Philips North America, LLC. Because the accused product was a Signify product, Signify indemnified Philips for the defense of the case. While Signify itself cannot move for sanctions against Plaintiff and/or its counsel as Signify was not a named party to this case, Signify believes it is important for the Court to be aware of the circumstance behind Plaintiff's dismissal.

Respectfully Submitted,

Stacey V. Reese

Stacey V. Reese

Enclosure



Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | **bsk.com**

**JEREMY P. OCZEK**
jpoczek@bsk.com
P: 716.416.7037

December 4, 2023

The Honorable Judge Jason Pulliam
U.S. District Court for the Western District of Texas
262 West Nueva Street
San Antonio, TX 78207

**Re: Cloud Systems HoldCo IP, LLC v. Philips North America, LLC**
**Civil No. 6:22-cv-01068-JKP (W.D. Tex.)**

Dear Judge Pulliam:

I write on behalf of non-party Signify Netherlands B.V. ("Signify").

Although Signify was not a named party to this action, Signify had an interest in this action because the accused product identified in Plaintiff's Complaint—the "Philips Dynalite EnvisionTouch App" product—was a Signify product, not a product of Defendant Philips North America, LLC. Because the accused product was a Signify product, Signify indemnified Philips for the defense of the case.

Signify respectfully submits this letter to inform the Court of the circumstances behind the dismissal (without prejudice) of this case by Plaintiff Cloud Systems HoldCo IP, LLC. While Signify itself cannot move for sanctions against Plaintiff and/or its counsel[1] as Signify was not a named party to this case, Signify believes it is important for the Court to be aware of the reason for Plaintiff's dismissal.

---

[1] Mr. Ramey and his clients have been the subject of multiple sanction and fee decisions issued by district courts around the country. *See, e.g.*, *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2023 WL 5918320, at *4 (W.D. Tex. Sept. 11, 2023) (awarding fees against Ramey client because "litigation conduct was objectively unreasonable"); *Escapex IP LLC v. Google LLC*, No. 22-cv-08711-VC, 2023 WL 5257691, at *1 (N.D. Cal. Aug. 16, 2023) (awarding sanctions against Ramey client EscapeX and stating "[t]he attorneys for EscapeX are lucky that Google did not separately ask the Court to impose sanctions on them"); *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 WL 949949, at *4 (E.D. Tex. Mar. 29, 2022) (awarding fees against Ramey client for "pursuit of objectively baseless infringement theories"); *ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *4 (N.D. Tex. Feb. 6, 2023) (finding Ramey client "had ample opportunities to recognize the frivolousness of its position"); *WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020), *aff'd*, *WPEM, LLC v. SOTI Inc.*, 837 F. App'x 773, 774 (Fed. Cir. 2020) (awarding fees against Ramey client based on the "frivolous nature of WPEM's infringement position . . . an issue that could have easily been foreseen with an adequate pre-suit investigation"); *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262 (RA), 2020 WL 7264162, at *5 (S.D.N.Y. Dec. 10, 2020) (awarding fees against Ramey client based on "a considerable flaw in their filings").

In particular, Plaintiff and/or its counsel, William P. Ramey and Jeffrey E. Kubiak of Ramey LLP, appeared to have intentionally covered up an admission in the Complaint that no evidence existed for one of the claim elements in the asserted patent as it related to the accused product in this case.

In the claim chart (ECF No. 1-2) filed with the Complaint (ECF No. 1) by Mr. Ramey on behalf of Cloud Systems, the left column contains color-coded language for the various claim elements of claim 1 of U.S. Patent No. 9,888,091 ("the '091 patent"). The colors in the left column—e.g., red, green, purple, blue, brown—are then apparently used to highlight where those claim elements allegedly appear in the right column (shown in underlining with the same colors) for the "Philips Dynalite EnvisionTouch App" accused product. However, a major exception is the yellow highlighting in the left column, which is used in connection with the following claim language: "one or more visual effects of the user interface are defined by a skin and the skin is selected from a skin library based at least in part on the at least one output device."

| | |
|---|---|
| a control client web application including one or more components configured to render a user interface on the control client, wherein one or more visual effects of the user interface are defined by a skin and the skin is selected from a skin library based at least in part on the at least one output device; | Philips Dynalite System Manager<br>System control, monitoring and management<br>Philips Dynalite System Manager is a multi-user control system management and monitoring software tool. It provides users with full |

There is nothing in the right column that references or mentions a "skin" or "skin library" as required by claim 1 of U.S. Patent No. 9,888,091 ("the '091 patent"). That, of course, is a critical omission by itself. However, a further examination of claim chart (ECF No. 1-2) reveals that the Ramey firm and/or Cloud Systems appears to have attempted to deceive the Court by intentionally covering up an admission that no evidence exists for this claim element.

Doing a search for "skin" on the PDF document (use "Control-F") shows three "hits" in the left column (e.g., shown below in blue highlighting):

| | |
|---|---|
| a control client web application including one or more components configured to render a user interface on the control client, wherein one or more visual effects of the user interface are defined by a skin and the skin is selected from a skin library based at least in part on the at least one output device; | Philips Dynalite System Manager<br>System control, monitoring and management<br>Philips Dynalite System Manager is a multi-user control system management and monitoring software tool. It provides users with full |

The next three “hits” for “skin” are shown in the right column, but appear invisible, except for the blue highlighting showing the “hit” on the words “skin” as shown below:

| Target Claim(s) | Reference |
|---|---|
| 1. An apparatus for controlling an environment, comprising:<br><br>a server configured to host a database that includes information describing a set of static connections and information describing a set of adaptable nodes and that is further configured to run a scheduling service;<br><br>a control client that is configured to control at least one output device within an environment and | **Philips Dynalite EnvisionTouch App**<br><br>***Analysis Summary:*** *Philips Dynalite System with EnvisionTouch App provides remote control of home automation devices using smartphone. The system configures each device such as light bulb using the app. It also includes a control interface EnvisionGateway to provide communication between the automation devices and the Envision manager. A user can create a scheduling event to control lighting system and set up alerts. The Dynalite system also provides AV integration in which a user can create presets for a boardroom include options such as “Meeting”, “Presentation”, “Speech” and “Video Conference” and in response to the selection among these options, the system can dim the different lighting groups and lower the projector screen.* |

By clicking on the area near the blue highlighted “hits,” a white box appears as shown below:

| Target Claim(s) | Reference |
|---|---|
| 1. An apparatus for controlling an environment, comprising:<br><br>a server configured to host a database that includes information describing a set of static connections and information describing a set of adaptable nodes and that is further configured to run a scheduling service;<br><br>a control client that is configured to control at least one output device within an environment and | **Philips Dynalite EnvisionTouch App**<br><br>***Analysis Summary:*** *Philips Dynalite System with EnvisionTouch App provides remote control of home automation devices using smartphone. The system configures each device such as light bulb using the app. It also includes a control interface EnvisionGateway to provide communication between the automation devices and the Envision manager. A user can create a scheduling event to control lighting system and set up alerts. The Dynalite system also provides AV integration in which a user can create presets for a boardroom include options such as “Meeting”, “Presentation”, “Speech” and “Video Conference” and in response to the selection among these options, the system can dim the different lighting groups and lower the projector screen.* |

By clicking on the white box and moving it away, the following hidden text starting with “However, …” is revealed:

| Target Claim(s) | Reference |
|---|---|
| 1. An apparatus for controlling an environment, comprising:<br><br>a server configured to host a database that includes information describing a set of static connections and information describing a set of adaptable nodes and that is further configured to run a scheduling service;<br><br>a control client that is configured to control at least one output device within an environment and | **Philips Dynalite EnvisionTouch App**<br><br>***Analysis Summary:*** *Philips Dynalite System with EnvisionTouch App provides remote control of home automation devices using smartphone. The system configures each device such as light bulb using the app. It also includes a control interface EnvisionGateway to provide communication between the automation devices and the Envision manager. A user can create a scheduling event to control lighting system and set up alerts. The Dynalite system also provides AV integration in which a user can create presets for a boardroom include options such as "Meeting", "Presentation", "Speech" and "Video Conference" and in response to the selection among these options, the system can dim the different lighting groups and lower the projector screen.*<br><br>*However, evidence regarding "one or more visual effects of the user interface are defined by a skin and the skin is selected from a skin library based at least in part on the at least one output device" could not be located.* |

As shown above, this "hidden text" acknowledges that "evidence regarding 'one or more visual effects of the user interface are defined by a skin and the skin is selected from a skin library based at least in part on the at least one output device' **could not be located**." (emphasis added). This is an admission that was covered up by Plaintiff and/or its counsel before the Complaint was filed. The covered-up, hidden text acknowledges that there is no evidence for this claim element with respect to the "Philips Dynalite EnvisionTouch App" product. Yet, Mr. Ramey went ahead and filed the Complaint in this case despite knowing that there was no evidence for this claim element.

*  *  *

After being informed of this cover-up via letter on November 9, 2022, and after being asked to dismiss the case with prejudice and agree to never sue Signify with respect to the asserted patent, Mr. Ramey only proceeded to file a dismissal *without prejudice* on November 22, 2022. Mr. Ramey has never apologized or provided an explanation for the cover-up.

Given the intentional cover-up by Cloud Systems and/or its counsel, Signify believes it has a duty to inform the Court of circumstances regarding Plaintiff's dismissal of this case.

Respectfully submitted,

Jeremy P. Oczek
Counsel for non-party Signify Netherlands B.V.